UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLENE CESTRONI, TRUSTEE OF DUFFY ASSET MANAGEMENT, LLC, DAVID DUFFY, LYNEL DUFFY, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHSTAR FUNDING PARTNERS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:22-cv-00985-TWP-KMB |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Currently pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint. [Dkt. 50.] The deadline for the Parties to move for leave to amend the pleadings in this case was September 30, 2022. [Dkt. 15 at 3.] For the reasons detailed below, the Court concludes that Plaintiffs have not meet the heightened good cause standard to amend after that deadline and, thus, the Court **DENIES** Plaintiffs' Motion.

**I.     RELEVANT BACKGROUND**

This case involves allegations that Plaintiffs Charlene Cestroni (Trustee of Duffy Asset Management, LLC), David Duffy, and Lynel Duffy (collectively, "the Duffys") were fraudulently induced by Defendant Northstar Funding Partners ("Northstar") and James Parker, an authorized life insurance agent of Northstar, to buy life insurance that they were not financially qualified to purchase, resulting in substantial financial losses over the course of several years. [Dkt. 1-1 at 1-3, ¶¶ 3, 5-9.] In the original Complaint, the Duffys assert claims for negligence, breach of contract, fraud, constructive fraud, and fraudulent inducement. [*Id.* at 3-7.] The Duffys now move for leave

to amend their Complaint to "clarify their principal-agency theories" and "to clarify and more fully detail their negligence theory." [Dkt. 50 at 1.]

## II. APPLICABLE STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the appliable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The good cause standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). The movant bears the burden to establish its diligence under Rule 16. *Id.*

If a party demonstrates the heightened good cause standard of Rule 16, the party seeking leave to amend must also show that the amendment is proper under Rule 15. *Adams*, 742 F.3d at 733-34; *see also Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020). "Leave to amend is only appropriate where there is no undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *HMV Indy I, LLC v. Inovateus Solar, LLC*, 2020 WL 9607043, at *2 (S.D. Ind. Mar. 12, 2020) (citing *Tristate Bolt Co.*, 2020 WL 503036, at *2); *see*

*also Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991)). Whether to grant or deny leave to amend is a matter of discretion left to the district court. *Id.* (applying an abuse of discretion standard when analyzing the district court's decision to deny a party's motion for leave to amend).

A party may not amend a pleading simply to respond to arguments contained in a motion for summary judgment, and requests for leave to amend after a party has moved for summary judgment often come too late. *See, e.g., Cleveland v. Porca Co.*, 38 F.3d 289, 297-98 (7th Cir. 1994) (denial of a party's motion to amend was appropriate "after discovery was completed and after the motions for summary judgment were fully briefed," as the motion "came late in the day"); *Samuels v. Wilder*, 871 F.2d 1346, 1351 (7th Cir. 1989) (finding that "not only did the plaintiffs not move to amend before defendants moved for summary judgment but . . . the timing of raising [the] new issues was prejudicial to the defendants"); *Kleinhans v. Lisle Savs. Profit Sharing Tr.*, 810 F.2d 618, 625 (7th Cir. 1987) (upholding the denial of an amendment that "represent[ed] an apparent attempt to avoid the effect of summary judgment"); *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353-54 (7th Cir. 1982) (affirming denial of motion to amend filed after the parties had completed discovery, the plaintiffs "offered no explanation for their delay in seeking to amend the complaint," and the defendant "may have been forced to duplicate its efforts if discovery were reopened"); *Prakel v. Indiana*, 100 F. Supp. 3d 661, 671 (S.D. Ind. 2015) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("It is well-established under Seventh Circuit law that parties cannot amend their complaints through arguments made in response to a motion for summary judgment.").

### III. DISCUSSION

The Duffys move for leave to amend their Complaint to "clarify their principal-agency theories" and "to clarify and more fully detail their negligence theory." [Dkt. 50 at 1.] The Duffys

3

contend that though the original Complaint alleges that Mr. Parker was an agent of Northstar and, therefore, Northstar is legally responsible for Mr. Parker's acts or omissions, the Complaint does not distinguish between principles of agency and apparent agency. [*Id.*] Despite maintaining that notice pleading does not require them to expressly plead the doctrine of apparent agency, the Duffys seek leave to amend to clarify their agency theories. [*Id.* at 1-3.] The Duffys also seek to clarify their negligence theory in light of facts gathered in discovery supporting their allegation that Mr. Parker had "virtually no knowledge about the life insurance product he sold to" the Duffys. [*Id.* at 3.] The Duffys contend that Northstar will not be prejudiced by the proposed amendments because it is already aware of all relevant facts on which the amendments are based and trial is not scheduled until January 2024. [*Id.* at 4.]

Northstar objects to the Duffys' Motion, both on procedural and substantive grounds. [Dkt. 54 at 1.] Procedurally, Northstar argues that the Motion is untimely, as the deadline for amending pleadings expired months ago and the Duffys have not even attempted to show why the Motion was not filed sooner. [*Id.*] Northstar asserts that "all of the information included in the proposed amendment was known [to the Duffys] years ago," and there is no reason why these new allegations could not have been asserted at the time the lawsuit was initiated. [*Id.* at 3-4.] Even if the information was obtained after the lawsuit was filed—*i.e.*, during Mr. Parker's deposition—Northstar highlights that the deposition was taken in August 2022, months before the pending Motion was filed. [*Id.* at 4.] Further, Northstar argues that the Duffys' proposed amendments would be prejudicial and unnecessarily delay the case because allowing the Duffys leave to amend at this stage—after discovery deadlines have passed and as summary judgment briefing is ongoing—would essentially amount to a "do over" of the litigation. [*Id.* at 1-2, 11-13.] Northstar does not view the Duffys' proposed amendments as "clarifications," but rather as allegations of

entirely new legal theories that Northstar did not have the opportunity to address in its motion for summary judgment. [*Id.* at 6, 11-13.] According to Northstar, permitting amendment would require additional discovery and the filing of another dispositive motion in the months leading up to the scheduled trial, therefore prejudicing it by the resulting "scrambling" that would necessarily ensue.[1] [*Id.* at 13.]

In reply, the Duffys disagree that allowing the proposed amendments would impact existing case deadlines or have an impact on discovery. [Dkt. 57 at 1-3.] The Duffys contend that their proposed amendments "do[] nothing more than clarify its apparent agency theory and negligence theory already asserted *directly* against Northstar," and that the facts supporting an agency theory and an apparent agency theory would be "virtually the same." [*Id.* at 2 (emphasis in original).] The Duffys allege the same is true with respect to the "clarification of their negligence theory," as the topic was "fully explored by Northstar's counsel both during [Mr. Parker's and Mr. Duffy's] depositions" and any additional information about either topic could only be gathered from Northstar's own employees. [*Id.* at 2-3.] The Duffys also allege that Northstar's summary judgment briefing would not be affected by the proposed amendment, reasserting that it is not necessary for the Duffys to have pled specific legal theories in their original Complaint but that they "seek leave only to plead, in greater detail, the operative facts that will be proven at trial." [*Id.* at 3-5.]

In the applicable Case Management Plan, the Court set the deadline to amend pleadings in this case as September 30, 2022. [Dkt. 15 at 3.] Accordingly, the Duffys must satisfy the heightened good cause standard required by Rule 16. As previously stated, the good cause

---

[1] Northstar further argues that the Duffys' proposed amendments would be futile. [Dkt. 54 at 6-10.] The Court will not address the futility arguments because, as detailed below, it finds that the Duffys did not satisfy the heightened good cause standard set forth by Rule 16.

standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark*, 424 F.3d at 553. The movant bears the burden to establish its diligence under Rule 16. *Id.*

The Duffys have not shown or even really argued that they were diligent in seeking leave to amend. In support of their Motion, the Duffys point to evidence gathered during Mr. Parker's and Mr. Duffy's depositions, which took place in August and October 2022. [*See* dkts. 50 at 3; 50-1 at 1; 50-2 at 1; 57 at 2.] It is thus undisputed that the Duffys have been privy to this information for at least several months but have not attempted to explain or demonstrate why they did not seek leave to amend sooner. Accordingly, the Court concludes that they have not met their burden under Rule 16 to show diligence; thus, their Motion for Leave to Amend must be denied.

Even if the Court were to ignore the lack of diligence, it would still deny the Duffy's Motion for Leave to Amend due to the post-summary-judgment timing and that by the Duffys' own arguments, it appears unnecessary. The Duffys repeatedly state in their Motion that they do not seek to add new claims through their proposed amended pleading, but rather wish to "clarify" claims made in their original Complaint. [Dkts. 50 at 4 ("The proposed amendments to the Complaint do not assert new legal theories and are founded on facts known to the parties[.]"); 57 at 1 ("While [t]he Duffys' Complaint does not expressly assert an apparent agency theory or make specific assertions of negligent training or retention, these allegations are not new and have been fully explored by the parties in discovery."); 57 at 5 ("This is not a new legal theory as Northstar mistakenly claims because [t]he Duffys have already pled negligence directly against Northstar. . . . the Court would not be exposing Northstar to a new legal theory as it contends but, instead, would merely be permitting [the Duffys] to more specifically identify the underlying facts of their claim(s).").] As the Duffys acknowledge, however, the Seventh Circuit does not require that a

6

complaint set forth clear or specific legal theories, only that "the bare minimum facts necessary to put the defendant on notice of the claim [are plead] so that [the defendant] can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Thus, the Duffys seem to admit that amendment is unnecessary in this case but that they nevertheless filed their Motion "in light of Northstar's Motion for Summary Judgment." [*See* dkts. 50 at 3 ("The Duffy[s] do not believe it is necessary for them to amend their Complaint to expressly plead the doctrine of apparent agency, however, in light of Northstar's Motion for Summary Judgment, [t]he Duffy's now seek leave to [a]mend their Complaint to clarify their agency theories."); 57 at 5 ("[I]t is also not necessary for [t]he Duffys to plead a negligent hiring or retention theory.  The Duffys simply seek leave to amend their Complaint to clarify their assertion that Northstar was negligent, in part, because it failed to train and supervise its agent.").]  The Seventh Circuit Court of Appeals has made it clear that an amended pleading is not the appropriate vehicle to respond to arguments made in a motion for summary judgment.  *See Samuels*, 871 F.2d at 1351; *Kleinhans*, 810 F.2d at 625.  Rather, any rebuttal the Duffys wish to make to Northstar's Motion for Summary Judgment should not be set forth in an amended complaint but in their response to Northstar's motion, which is not due for a few more weeks.

The Court also disagrees with the Duffys' assertion that the existing case management deadlines, ongoing summary judgment briefing, and scheduled trial date would not be affected by their proposed amendments.  Northstar filed its Motion for Summary Judgment on April 7, 2023. [Dkt. 45.]  Fact discovery in this case closed on April 17, 2023.  [Dkt. 41 at 1.]  Trial is set for January 29, 2024.  [Dkt. 31.]  Though the Duffys argue that "[a]ll necessary discovery related to the proposed amendments to the Complaint has been completed," [dkt. 57 at 5], the Duffys may not unilaterally decide what discovery Northstar may deem necessary in light of additional or

amended allegations in a new operative pleading. Amendment at this stage of the case would at a minimum require Northstar to file a new answer, and would also likely reopen discovery, moot the current summary judgment briefing, and throw existing case management deadlines off track. Though the Duffys may view the deadline that the Court set for the Parties to move for leave to amend their pleadings as "arbitrary," [dkt. 57 at 5-6], the Court certainly does not view case management deadlines that way. Rather, the Court has an "obligation to control and manage its docket," which includes the authority to establish deadlines and the discretion to enforce them. *Newell v. Alden Vill. Health Facility for Children and Young Adults*, 651 Fed. App'x 556, 558 (7th Cir. 2016).

For these reasons, the Court concludes that the Duffys have not met the heightened good cause standard set forth by Rule 16 to belatedly amend an operative pleading. Accordingly, the Duffys' Motion for Leave to Amend must be denied.

### IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiffs' Motion for Leave to Amend Complaint. [Dkt. 50.]

**SO ORDERED.**

Date: 5/23/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

E. Davis Coots
COOTS HENKE & WHEELER, P.C.
dcoots@chwlaw.com

Joseph Reel Delehanty
Dickinson Wright PLLC
jdelehanty@dickinson-wright.com

Logan J. Mayfield
Dickinson Wright PLLC
lmayfield@dickinsonwright.com

David A Owen
Dickinson Wright PLLC
dowen@dickinsonwright.com

Jeffrey S. Zipes
COOTS HENKE & WHEELER
jzipes@chwlaw.com